No. 19,293.

GEORGE ALLEN, *Appellee*, v. T. C. SNODGRASS AND
VIRGINIA C. SNODGRASS, *Appellants*, et al.

### SYLLABUS BY THE COURT.

1. SALE—*Land—Breach of Contract—Action to Recover Purchase Money—Too Late to Attack Petition after Appeal.* Where a petition states a cause of action, and an answer thereto is filed, and issues are joined, inconsistencies in the petition will be disregarded in this court where such inconsistencies were not called to the attention of the trial court.

2. SAME—*Findings and Verdict—Conflicting Evidence.* Findings of fact and verdict, based on conflicting evidence, after receiving the approval of the trial court, will not be disturbed in this court.

3. SAME—*No Error in Instructions.* All complaints concerning the instructions have been examined, and no substantial error is found in any instruction given, or in the refusal of those requested.

4. SAME—*Findings Harmonize with Each Other and with Verdict.* Special findings of the jury have been examined, and are found to harmonize with each other and with the general verdict, and are supported by evidence, although contradicted by other evidence.

Appeal from Russell district court; JACOB C. RUPPENTHAL, judge. Opinion filed May 8, 1915. Affirmed.

*R. A. Lovitt,* of Salina, *J. E. Driscoll,* and *M. J. Gernon,* both of Russell, for the appellants.

*L. B. Beardsley,* and *George W. Holland,* both of Russell, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an action to recover the purchase price paid on real property and the value of improvements made thereon by the plaintiff. Judgment was rendered in favor of the plaintiff for $818.38. The defendants appeal.

On November 29, 1910, defendant T. C. Snodgrass contracted with the plaintiff to convey to him a tract of land near Waldo, Kan., upon the plaintiff's conveying to Snodgrass 160 acres of land in Greeley county, paying Snodgrass $750, and executing a mortgage on the Waldo property for $1000. The Greeley county land was conveyed to defendant Snodgrass. The $750, with interest, was to be paid on the first day of December, 1911, and the mortgage was to be executed on that date. The plaintiff was unable to make the payment of $750 or of the interest thereon. On October 27, 1911, an agreement was entered into between the plaintiff and Snodgrass, by which the plaintiff was given until September 1, 1912, in which to make the payment and execute the mortgage. When this agreement was made the plaintiff executed a note to Snodgrass for $155, due July 27, 1912, covering the interest on the $750 to be paid on the land, an account, and a past due note then held by Snodgrass against the plaintiff. Afterwards the parties entered into another contract, by which Snodgrass agreed to pay to the plaintiff the amount the plaintiff had invested in the Waldo land, in purchasing and improving the same. At the time this contract was made Allen consented that the Waldo tract might be conveyed by Snodgrass to Mary E. Friend, and this was done. The judgment was for the amount that the plaintiff had paid to the defendant, and for the improvements that the plaintiff had made on the Waldo land less the amount owing by the plaintiff to Snodgrass on the note which had been given at the time of the extension agreement.

(1) Defendants' first complaint concerns the plaintiff's petition as finally amended. It does not appear that this petition was attacked by motion or otherwise. The defendants answered, the plaintiff replied, and the cause was tried on the issues thus made. The material part of the petition, stating the cause of action on which the plaintiff recovered, is as follows:

"That at divers times just prior and subsequent to

the time defendants Snodgrass made the conveyance of the Russell County premises to defendant Mary E. Friend, the exact time and times plaintiff is unable to state, defendant T. C. Snodgrass for himself and on behalf of his co-defendant, Virginia C. Snodgrass, at Waldo and at Salina, Kansas, and elsewhere orally promised and agreed to and with plaintiff that he would pay and reimburse plaintiff for all property and money which plaintiff had invested in said Russell County premises in the matter of the purchase thereof and in the erection of improvements thereon, together with legal interest thereon from the time of such investment and the making of said improvements."

There are other parts of the petition which may be somewhat inconsistent with this, but no complaint was made to the trial court concerning such inconsistency. The petition states a cause of action, and so far as the petition is concerned the judgment must be affirmed.

(2) The next matter complained of is that "the evidence in this case is very conflicting," and that the evidence does not establish any contract by which Snodgrass agreed to reimburse the plaintiff for his investment in the Waldo land and for the improvements made thereon by him. There was evidence tending to prove that such a contract was made. The contention of the defendants that the evidence was conflicting shows that there was evidence contrary to that introduced by them. On this evidence the jury made the following findings of fact:

"3. At the time the premises at Waldo were sold to Mary E. Friend, was there an understanding or agreement between Allen and Snodgrass that Allen should receive any returns or repayment or reimbursement from Snodgrass because of any sale or trade of said premises by defendant, Snodgrass? Answer: Yes.

"4. If you answer No. 3 'Yes,' what were the terms of such understanding or agreement? Answer: Such understanding or agreement was to the effect that Allen was to be reimbursed for the amount of his investment in said land."

These findings of the jury are conclusive in this court.

(3) The next complaint concerns the instructions of the court. It is argued that the issues were not correctly stated and that the court did not correctly instruct the jury as to the law governing this case. Complaint is also made of the refusal of the court to give instructions as requested by the defendants. The instructions, both those given and those refused, have been examined, and we are unable to agree with the defendants in any of their contentions. We do not find any substantial error in the instructions given nor in refusing those requested.

(4) The next complaint concerns the findings of the jury. Defendants filed a motion for judgment on those findings. They filed another motion to set them aside because they are in conflict with each other and with the general verdict and are not supported by the evidence. We can not agree with the defendants in these contentions. The findings of the jury harmonize with each other and with the general verdict, and are supported by evidence, although contradicted by other evidence. The jury found the facts contradictory to those contended for by the defendants on evidence that contradicts that introduced by them. Under the oft-repeated rule of this court we can not interfere with the verdict nor with the findings of the jury.

The petition states a cause of action. Some of the evidence tends to prove the allegations of the petition. The verdict and findings of the jury on that evidence are in favor of the plaintiff. No substantial error appearing the judgment is affirmed.